UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEDRO MONTROND | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 4:24-cv-40032-MRG |
| MATTHEW DIVRIS | ) | |
| Respondent. | ) | |

### ORDER ON MOTION TO DISMISS [ECF No. 12]

**GUZMAN, J.**

Proceeding *pro se*, Pedro Montrond ("Petitioner") brings a Petition for Writ of Habeas corpus under 28 U.S.C. § 2254 raising three grounds for relief. Respondent Matthew Divris, Superintendent of North Central Correctional Institution, moves to dismiss the petition, arguing Petitioner's claims are unexhausted or do not provide a legal basis for relief. [See ECF No. 12]. For the reasons stated below, the Court agrees and the Petition for Writ of Habeas Corpus is **DISMISSED**.

**I.  BACKGROUND**

**A. Current Petition**

Petitioner alleges that habeas relief should be granted because (1) he received ineffective assistance of trial and appellate counsel where they allegedly did not attempt to exclude evidence that the victim had motive to lie, and (2) he received ineffective assistance of trial and appellate counsel where they allegedly failed to investigate a third-party culprit. [Habeas Pet. at 5-7, ECF No. 1]. In his third ground for relief, Petitioner asserts that because he is not an attorney, he

should be permitted to raise additional unexhausted bases for relief that "will surface during the exhausting of these issues." [Id. at 8].

### B. Procedural History

The following procedural history is taken from the Respondent's memorandum, ECF No. 13:

> On June 18, 2015, a Suffolk County, Massachusetts grand jury returned an indictment charging the petitioner with four offenses: three counts of rape of a child, and one count of indecent assault and battery on a child under the age of fourteen. Appx. 004-5, 007 [ECF No. 13-1]. Following a jury trial in February of 2019, the petitioner was convicted of indecent assault and battery on a child under the age of fourteen. Appx. 019. No conviction resulted from the three rape charges: one rape count was dismissed before trial, the jury could not reach a verdict on the second rape count, and the petitioner was acquitted of the third rape count. Appx. 071 (footnote 2). On March 5, 2019, the petitioner was sentenced to five to seven years in state prison. Appx. 019.
>
> The petitioner timely appealed to the Massachusetts Appeals Court ("MAC"). Appx. 020. Represented by counsel, he asserted two claims of error: (1) that he was denied a fair trial when the trial judge refused to ask the venire about biases in favor of child witnesses; and (2) that there were various errors with respect to the prosecutor's closing argument. See Appx 068. The MAC affirmed the petitioner's conviction. Id. On December 15, 2023, the Massachusetts Supreme Judicial Court ("SJC") denied the petitioner's application for Further Appellate Review ("FAR"). Appx. 088. The petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.
>
> The petitioner filed his petition for a writ of habeas corpus in this Court on February 28, 2024. Doc. No. 1. The respondent hereby seeks dismissal of the petition.

[ECF No. 13 at 2].

### II. LEGAL STANDARDS

Federal habeas relief may not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is born of the principle that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Putnam v. Alves, No. 22-10038, 2023 U.S. Dist. LEXIS 40483, at *8 (D. Mass. Mar. 10, 2023) (citing Coningford

v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011)). It is the responsibility of the petitioner to show that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim" in a manner that is "face-up and squar[e]." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997).

To meet the exhaustion requirement, a "petitioner must demonstrate that he tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id. This can be achieved through "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and the assertion of a state-law claim that is functionally identical to a federal constitutional claim." Coningford, 640 F.3d at 482. "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Durand v. Goguen, 388 F. Supp. 3d 54, 59 (D. Mass. 2019) (quoting Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007)). As the Massachusetts Supreme Judicial Court ("SJC") offers discretionary review over the Massachusetts Appeals Court ("MAC"), "exhaustion requires that the issue must be raised 'within the four corners of the ALOFAR." Id. (quoting Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988)). Where the SJC summarily denied petitioner's FAR application without explaining the reasons for rejecting the petitioner's claims, this Court looks to the last reasoned state court decision (here, the MAC's) and assumes it sets forth the substance of "the grounds for the higher court's decision." See Wilson v. Sellers, 138 S. Ct. 1188, 1196 (2018). Failure to exhaust all claims warrants dismissal of the habeas petition.

### III. DISCUSSION

Petitioner did not exhaust any of the claims he presents in his habeas petition, and accordingly the Petition must be dismissed. As stated above, Petitioner raises three grounds for habeas relief in his current petition: (1) he received ineffective assistance of trial and appellate counsel where they allegedly did not attempt to exclude evidence that the victim had motive to lie, (2) he received ineffective assistance of trial and appellate counsel where they allegedly failed to investigate a third-party culprit, and (3) he is entitled to raise additional issues because he is not an attorney. [Habeas Pet. at 5-8]. On appeal to the MAC, Petition raised the issues of (1) the trial judge's refusal to ask certain voir dire questions proposed by the Petitioner, and (2) the propriety of several portions of the prosecutor's closing argument. [Appx. 038, 046]. And in his FAR application, the petitioner sought the SJC's review of only the first claim raised to the MAC. Appx. 075.

Therefore, none of the three grounds for relief that Petitioner now raises was presented to the state courts. Petitioner admits as such in his petition. [Habeas Pet. at 12 (stating, "None of the grounds mentioned have been presented anywhere.")]. Petitioner states that his appellate counsel was experiencing health issues and died shortly after oral arguments in the appeals court. [Id.] As the Respondent points out, "It appears that the petitioner was permitted to file a belated FAR application because his post-conviction counsel, who represented him at the MAC, passed away before the MAC issued its decision. *See* Doc. No. 1-1, p. 7. A new attorney was eventually appointed and filed the FAR application. *Compare* Appx. 025, *with* Appx. 072. . . . Indeed, it appears that the petitioner's substitute appellate counsel was able to obtain all of the documents that were submitted to the MAC before filing the FAR application. Appx. 024 # 26." That Petitioner's post-conviction counsel passed away before a decision was rendered in his initial

4

appeal is tragic; however, Petitioner obtained new counsel, and the circumstances mentioned do not excuse Petitioner's failure to exhaust his claims in state court.

In addition to being unexhausted, Petitioner's third ground for relief does not present a cognizable basis for habeas relief because it does not allege that petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As all of Petitioner's claims are unexhausted, he is not entitled to habeas relief. 28 U.S.C. § 2254(b)(1)(A). Further, the Court finds Petitioner is not entitled to a stay of the litigation so he can exhaust his claims in state court. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). He has not established "good cause" for his failure to exhaust, and his claims are not "potentially meritorious" because, as Respondent points out, Petitioner failed to raise the claims as early as possible in state court, as required under Massachusetts law. See Commonwealth v. Stewart, 414 Mass. 1006, 1007 (1993).

## IV.   CERTIFICATE OF APPEALABILITY ("COA")

The statute governing appeals of final orders in habeas corpus proceedings provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Muller v. Goguen, 385 F. Supp. 3d 121, 129-30 (D. Mass. 2019) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.'" United States v. Cintron, 281 F. Supp. 3d 241, 242 (D. Mass. 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)). In ruling

on an application for a COA, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

None of the grounds in this petition meet the requirements of a "substantial showing" and the Court declines to issue a COA.

## V. **CONCLUSION**

For the reasons stated above, the Petition for Habeas Corpus, ECF No. 1, is **DISMISSED.**

**SO ORDERED.**

Dated: February 4, 2025

                                              /s/ Margaret R. Guzman  
                                              Margaret R. Guzman  
                                              United States District Judge